IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

FLOY ASH, ON BEHALF OF
THE ESTATE OF DONNA ASH WATTS,
AND FOR THE BENEFIT OF ALL PERSONS
ENTITLED UNDER THE LAW
TO RECOVER                                                                                      PLAINTIFFS

V.                                                                  CIVIL ACTION NO. 2:06CV210-B-A

FORD MOTOR COMPANY                                                                   DEFENDANT

ORDER

The plaintiff has filed a motion for sanctions and to compel [No. 87] and a second motion for sanctions for failing to timely disclose factual evidence [96]. Notwithstanding the name calling and "tattle-tale-ing" among counsel, the court finds that the first motion should be granted in part and denied in part and that the second motion should be granted, but not to the extent requested.

BRIEF FACTUAL SUMMARY

Donna Ash was killed in a rollover crash in a 1996 Ford Explorer sport utility vehicle on June 2, 2005. The plaintiff alleges strict liability, negligence, breach of warranty and punitive damages claims against the defendant Ford Motor Company ("Ford"). The case was filed on December 18, 2006 and after a case management conference before the undersigned, the following deadlines were set: Plaintiffs' designation of experts – 10/25/07, Defendant's designation of experts – 11/25/07, Discovery – 1/25/08, and motion filing deadline – 2/9/08.

1

These dates were extended by Order dated October 11, 2008. The current deadlines in this case are: Plaintiffs' designation of experts – 11/27/07, Defendant's designation of experts – 12/27/07, Discovery – 2/27/08, and motion filing deadline – 3/12/08.

## LEGAL STANDARDS

Under Fed.R.Civ.P. 30(b)(6), the persons designated by a corporation to testify on its behalf "shall testify as to matters known or reasonably available to the organization." *Id.* In *Resolution Trust Corp. v. Southern Union Co., Inc.*, 985 F.2d 196 (5th Cir.1993), the Fifth Circuit stated:

> Rule 30(b)(6) . . . places the burden of identifying responsive witnesses for a corporation on the corporation. Obviously, this presents a potential for abuse . . . When a corporation or association designates a person to testify on its behalf, the corporation appears vicariously through the agent. If that agent is not knowledgeable about relevant facts, and the principal has failed to designate an available, knowledgeable, and readily identifiable witness, then the appearance is, for all practical purposes, no appearance at all.

985 F.2d at 197. Under Rule 30(b)(6), when a party seeking to depose a corporation announces the subject matter of the proposed deposition, the corporation must produce someone familiar with that subject. *Cox Communications of Louisiana, LLC v. I.C. Fiber Louisiana, LLC,* 2003 WL 22326400, 1 (E.D.La.2003). The corporation has an affirmative duty to make available a person or a sufficient number of persons as will be able to give complete, knowledgeable and binding answers on its behalf. *Id.* The corporation's duty includes the requirement that it prepare the deponent adequately to testify on the corporation's behalf. *See Quantachrome Corp. v. Micromeritics Instrument Corp.,* 189 F.R.D. 697, 699 (S.D.Fla.1999). Where corporate designees are not prepared to testify on the topics about which they are to be questioned, it is appropriate that the court order the corporation to re-designate witnesses and mandate their preparation for

2

the renewed deposition. *Cox Communications,* 2003 WL 22326400, 1. When a party fails to comply with Rule 30(b)(6), Rule 37(b)(2) allows courts to impose various sanctions, including the preclusion of evidence.

Dismissal of a plaintiff's claims as a sanction for failure to comply with a court order is appropriate only in limited circumstances. *Batson v. Neal Spelce Assocs., Inc.,* 765 F.2d 511, 514 (5 $^{th}$ Cir.1985). In order to determine whether dismissal is an appropriate sanction, the Fifth Circuit has instructed district courts to consider the following factors:

> (1) whether the failure to comply with the court order was the result of willfulness or bad faith, and not the result of an inability to comply with the order;
>
> (2) whether the deterrent value of Rule 37 can be achieved by the use of a less drastic sanction;
>
> (3) whether the failure to comply is plainly attributable to an attorney rather than to a blameless client, or whether the party's failure is simple negligence grounded in confusion or sincere misunderstanding of the court's order; and
>
> (4) whether the other party's preparation for trial was substantially prejudiced.

*Batson,* 765 F.2d at 514-15. Severe sanctions, such as dismissal of claims or other such dispositive sanctions should be granted where a party's conduct is found to be willful or in bad faith. *Chilcutt v. United States* 4 F.3d 1313, 1322, fn 22. (5th Cir 1993); *see also F.D.I.C. v. Conner* 20 F.3d 1376, 1380 (5th Cir. 1994) ("[S]anctions should not be used lightly, and should be used as a lethal weapon only under extreme circumstances.").

DISCUSSION

Plaintiffs' Motion for Sanctions and to Compel

On December 7, 2007, the defendant sent to plaintiff an email providing January 31 and February 1, 2008 as dates for plaintiffs to take defendant's 30(b)(6) deposition.[1] On December 14, 2007 the plaintiff filed a Notice of Deposition reflecting the deposition schedule agreed to by defense counsel. The Notice contains fifteen areas of inquiry and three requests for production of documents. On the afternoon of January 30, 2008, defendant filed an emergency motion for protective order and request to reset the 30(b)(6) depositions set for the following day. Defendant represented that due to circumstances beyond its control, the depositions could not go forward as noticed. The undersigned denied the defendant's motion in an order issued the same day the emergency motion was filed.

Despite the court's Order, defendant's counsel e-mailed plaintiff's counsel after 8:00 p.m. that evening stating that travel arrangements could not accommodate the 9:00 a.m. deposition time, but the deposition could begin at 1:00 p.m. and could run into the evening as necessary. Defendant adamantly contends that it acted in good faith, submitting that travel, flight schedules and flight cancellations made it physically impossible for defense counsel to arrive before noon – thus making the 9:00 a.m. time an impossibility. Defendant's counsel and representative did not appear for the scheduled deposition until 1:00 p.m on January 31, 2008.

Plaintiff contends that the corporate representative, Mr. Ballard, was not adequately prepared for the deposition, had never seen or read the deposition notice, and first learned of the topics about which he was to testify on the morning of January 31, 2008. Ballard admitted he

---

[1]A previously set corporate deposition had been cancelled by plaintiff.

had not had adequate time to prepare for the deposition and that he was not completely familiar with the specific topics about which he was designated to testify. *See* Ballard Dep., p.21, lines 1-13. Defendant did not produce the documents Ballard reviewed in preparing for the deposition as requested in the deposition Notice. *See id.*, pp 27-29. Defendant responds that Ballard was adequately prepared and that the documents requested were e-mailed to plaintiff's counsel during Ballard's deposition. Review of the deposition transcript reveals that Ballard was minimally prepared for the deposition, but that he had not, admittedly, taken the time he generally allots to fully prepare for a deposition. Additionally, though the documents may have been e-mailed to plaintiff's counsel, failure to have paper copies about which counsel may question a witness misses the point.

The second corporate representative designated to testify on defendant's behalf was a former Ford employee Robert Pascarella, whom plaintiff contends also was inadequately prepared because instead of reviewing documents and information, Pascarella relied on his own personal familiarity and knowledge of the subject matter. Although Pascarella did state that he was relying on his personal knowledge, he also stated clearly that he had previously reviewed documents and information specific to the instant case and that he had given a deposition on the same topics in a separate case just months before. *See* Pascarella Dep., pp. 7-9. The court has reviewed the deposition transcript and concludes that Pascarella was informed and well-spoken and provided more than adequate testimony for the questions asked.

Plaintiff also contends that defense counsel improperly instructed Pascarella not to answer questions concerning whether specific documents constituted a Ford business record. However, Pascarella did respond to the line of questioning regarding whether a document was in

5

fact a Ford business record. Although defense counsel interjected numerous objections, in the end Pascarella clearly responded to the best of his knowledge. *See* Pascarella Dep., pp. 45-47.

Plaintiff contends that defendant "consciously chose to ignore the Notice and refused to produce James Vondale for deposition." Plaintiff's motion at 16. According to plaintiff, at the conclusion of Ballard's deposition on January 31, 2008, counsel for defendant informed plaintiff's counsel that Mr. Vondale would not be appearing for deposition. The December 14, 2007, Notice of deposition specifically sought testimony from Vondale individually and in his capacity as managing agent of Ford Motor Company. On December 28, 2007, defendant filed a response and objection to the notice of deposition, specifically objecting to plaintiff's request for the deposition of James Vondale

> . . . on the grounds that Mr. Vondale has no personal knowledge of and was not actively involved in the design and development of the subject 1996 UN105 Explorer. Further, Mr. Vondale is a high level executive at Ford, one level below a corporate vice president. . . . If plaintiffs state with specificity the substantive topics on which testimony is sought, Ford will attempt to provide plaintiffs with a more appropriate corporate witness(es) to address these topics.

Defendant's response and objections to plaintiff's supplemental notice of deposition, p. 11. However, defendant never filed motion to quash or motion for protective order with regard to Vondale. Notwithstanding the fact that defendant never sought a protective order or order quashing the deposition of Vondale, the plaintiff was on notice in December 2007, that the defendant did not intend to designate Vondale as its corporate representative for the topic/subject areas listed in the deposition Notice. "Because Rule 30(b)(6) imposes on the organization the obligation to select the individual witness, the *party seeking discovery is not permitted to insist that it choose a specific person* to testify unless the person designated is an officer, director, or

6

managing agent whom the corporation may be required to produce under Rule 30(b)(1)."
*Poseidon Oil Pipeline Co., L.L.C., v. Transocean Sedco Forex, Inc.*, 2002 WL 1919797, 3 citing 8A C.A. WRIGHT, A.R. MILLER & R.L. MARCUS, *Federal Practice and Procedure* § 2103 , at 31-32 (2d ed.1994) (emphasis original). It does not appear that Mr. Vondale is "an officer, director or managing agent of the corporation," *id.*, but merely, as represented by defendant, a "high level executive . . . one level below a corporate vice-president." Thus, plaintiff was not entitled to insist on his presence absent having served him with a subpoena.

Moreover, plaintiff had due notice of defendant's intention to designate someone other than Vondale to testify regarding the specific subject areas plaintiff specified for Vondale. Plaintiff contends that defendant's failure to seek an Order quashing the deposition or limiting the scope of the deposition prior to the deposition itself is in violation of the Federal Rules of Civil Procedure and specifically Uniform Local Rule 37.2. According to plaintiff it was defendant's duty to obtain such an order, and absence of the order, produce Vondale or suffer sanctions. To the contrary, with plaintiff on notice that Vondale would not be designated, if plaintiff took issue with Vondale not testifying, it was incumbent on plaintiff to seek an order compelling his testimony.

While it is clear the January 31, 2008 and February 1, 2008 30(b)(6) depositions did not go according to plaintiff's plan, the circumstances and substance of the deposition were not as dire as the plaintiff made them out to be. The simple truth is that the defendant's counsel should have made all necessary travel arrangements weeks before the depositions. To file an emergency motion to reset the depositions at the final hour and then, once denied, argue that travel would not allow for defense counsel to timely arrive at the depositions is disingenuous at best. Further,

7

it is clear that Mr. Ballard, for any number of possible reasons, simply was not properly prepared for his deposition. The plaintiff will be allowed to re-open the deposition as to the topics for which Ballard was designated and to re-depose Ballard or other *suitable* designee on those topics. Although defense counsel failed to comply with the court's order, the court declines, at this juncture, to find that defendant acted in bad faith and holds there is no basis on which to grant the severe sanctions requested by the plaintiffs. Lesser means may accomplish the greater goal of resolving this case. Defendant is warned, however, that failure to make available corporate designees who are able to respond fully to reasonable inquiries at the rescheduled deposition will be met with stiff sanctions.

The plaintiffs' motion to compel and for sanctions is granted as it relates to the subject areas about which William G. Ballard was designated to testify. It is otherwise denied except that the defendant will bear the costs, including reasonable attorneys fees and expenses, of re-deposing Ballard or another appropriate designee on the subject areas about which Ballard was to have testified.

Plaintiff's Second Motion to Compel

On February 26, 2008, plaintiff filed a second motion for sanctions. According to plaintiff, defendant failed to timely disclose evidence of the scene of the accident, including three sets of photographs, a video and an interview with the Olive Branch Police Department's investigating officer and other relevant factual information collected by defendant's representative during at least three visits to the scene of the accident. Plaintiff contends this is important, relevant, factual evidence because the scene photographs taken by the Olive Branch Police Department have disappeared or been "lost," and defendant's expert witness relied on this

8

undisclosed evidence as a basis for his testimony and opinions. Plaintiff claims he has been unfairly prejudiced by defendant's failure to produce these items in discovery and will not be able to prepare adequately for trial.

The accident in issue occurred on June 2, 2005. Plaintiff, or one of plaintiffs' agents, took photos of the accident scene four months later in October 23, 2005. The photographs taken by defendant's investigator at the direction of defense counsel were not taken until February and May 2007, three years after the accident. Defendant disclosed the existence of the February 2007 scene photographs in its initial disclosures filed on March 1, 2007. The evidence in issue was produced to the plaintiff on February 11, 2008, before the discovery deadline on March 5, 2008.

These motions and the responses to them make clear the suspicious climate that has permeated this case. While the court does not find that the defendant has acted in bad faith, it has conducted discovery in a less than open and cooperative manner. In turn, plaintiff's counsel has become justifiably leery and even angered by the process. However, this anger has colored counsel's recitation of the relevant underlying facts related to the motions. The picture painted by plaintiff's counsel may or may not be as dire as they would have the court believe. Finally, the e-mails between counsel, motions and responses expose a less than collegial atmosphere among the attorneys for all parties. In other words, neither party has conducted itself in the most desirable manner.

There is a necessary element of gamesmanship which applies in discovery, but parties must act in the spirit of discovery. *Dollar v. Long Mfg., N.C., Inc.* 561 F.2d 613, 616 (5th Cir. 1977). The parties' mutual knowledge of all the relevant facts is a prerequisite for proper

litigation. *Id.*

Uniform Local Rule 26.1 requires the parties to make their initial core disclosures, including the "name and, if known, the address and telephone number of each individual likely to have discoverable information. . . " within fourteen days of the attorney conference. The party is then under a duty to supplement these disclosures, with supplementation to be complete "no later than the discovery cut-off." Uniform Local Rule 26.1(A)(5). The deadline for discovery in this case was February 27, 2008. The defendant timely disclosed and produced the photographs and video to the plaintiff, but not the name, address and telephone number of the investigator. Although the defendant claims a work product objection to naming its investigator as he was hired by defense counsel to investigate the accident scene for litigation purposes, this work product claim was not identified until late in the game.

Rule 37 allows courts to impose various sanctions, including the preclusion of evidence. Fed. R. Civ. P. 37(b)(2). The conduct in this case does not appear to warrant severe sanctions such as striking a party's answer or striking a party's expert. Nevertheless, both sides are walking a fine line of trial strategy juxtaposed with complete discovery obligations under the Federal Rules. While gamesmanship is expected, all parties are also expected to conduct themselves within the spirit of the rules that allow for complete discovery and full disclosure. The court holds that the plaintiff's second motion for sanctions should be denied. However, the court warns all parties that cooperation and full disclosure are necessary; failure to abide by the rules at any point in the future will result in sanctions, including monetary penalties or preclusion of use of evidence at trial.

CONCLUSION

Plaintiffs' motion to compel and for sanctions is **GRANTED** as it relates to the subject areas about which William G. Ballard was designated to testify. It is **DENIED** in all other respects, except that defendant will bear the costs, including reasonable attorneys fees and expenses, of re-deposing Mr. Ballard or another appropriate designee[s] on the subject areas about which Ballard was to have testified. The plaintiffs' second motion for sanctions is **DENIED**.

SO ORDERED, this, the 11th day of April, 2008.

    /s/ S. ALLAN ALEXANDER
    UNITED STATES MAGISTRATE JUDGE