IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

FLOY ASH, ON BEHALF OF
THE ESTATE OF DONNA ASH WATTS,
AND FOR THE BENEFIT OF ALL PERSONS
ENTITLED UNDER THE LAW
TO RECOVER                                                                                    PLAINTIFFS

V.                                                              CIVIL ACTION NO. 2:06CV210-B-A

FORD MOTOR COMPANY                                                              DEFENDANT

ORDER

Plaintiff, on May 19, 2008, filed a motion to compel full and complete depositions [128]. After a telephone conference between counsel for all parties and the office of the undersigned, it was determined that all issues raised in plaintiff's motion have been resolved between the parties except the issue of production of documents reviewed by the Rule 30(b)(6) designated representative in preparation for testifying. In this case, the specific Rule 30(b)(6) deponent in issue is Mr. William Ballard who is named as defendant's 30(b)(6) designee for specific topics outlined in the plaintiff's Notice of 30(b)(6) deposition. Upon review of the motion, response, reply and supporting documentation submitted by the parties, the court holds as follows:

In a Rule 30(b)(6) deposition, the plaintiff is entitled to ask and the witness should respond to questions regarding specifically what documents were reviewed by the deponent in preparation for the deposition. Fed. R. Evid. 612; *See also Cates v. LTV Aerospace Corp.*, 480 F.2d 620 (5th Cir. 1973); *Harrison v. Prather,* 404 F.2d 267, 273 (N.D. Miss. 1968); *Nutramax*

1

*Laboratories, Inc. v. Twin Laboratories Inc.*, 183 F.R.D. 458, (D.Md. Dec 07, 1998); 26A Wright & Miller: Federal Prac. & Proc. § 5727. All parties agree, and the court holds that for counsel to instruct a witness not to answer these questions, or to "not recall" what documents where reviewed would be a violation of the code of ethics adhered to by all attorneys as officers of the court. *See* MISSISSIPPI RULES OF PROFESSIONAL CONDUCT ; ABA MODEL RULES FOR PROFESSIONAL CONDUCT. While the plaintiff is concerned that the witness may not be able to recall all documents reviewed in preparation for the deposition, such is the case with any deponent. There are times where a witness does not recall information and the court cannot force a memory. Further, the court will not require a deponent to bring with him a physical copy of documents reviewed prior to testimony, particularly when the documents have been previously produced in discovery. Nevertheless, the plaintiff may ask the witness to identify documents produced and if necessary show the deponent documents to ask whether a specific document was among those reviewed.

Accordingly, the court holds that the plaintiff's motion to compel full and complete depositions is denied as moot with regard to all issues that were resolved by the parties. With regard to the remaining issue of production of documents, the plaintiff's motion is granted consistent with the dictates outlined above.

SO ORDERED.

THIS, the 30th day of May, 2008.

    /s/ S. ALLAN ALEXANDER
UNITED STATES MAGISTRATE JUDGE